IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JUANITA PEREZ ORENCH; AND CARLOS JAVIER BURGOS BENITEZ**<br><br>Plaintiffs<br><br>V.<br><br>**JOHN F. KELLY, SECRETARY DEPARTMENT OF HOMELAND SECURITY; TRANSPORTATION SECURITY ADMINISTRATION; PRESIDENT OF THE UNITED STATES OF AMERICA, DONALD J. TRUMP; UNITED STATES ATTORNEY'S OFFICE; DEPARTMENT OF JUSTICE; AEROSTAR AIRPORT HOLDING, LLC; PUERTO RICO PORT AUTHORITY; X, Y AND Z INSURANCE COMPANIES; JOHN DOE; MARK DOE; JOE DOE AND CLARK DOE**<br><br>Defendants | CIVIL NO: **17-1715**<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiffs, through the undersigned counsel, and respectfully states, alleges and prays:

### I.    JURISDICTION

1.  This Court has jurisdiction over the persons and subject matter of the above-captioned action pursuant to 28 USC § 1331.  Matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Additionally, this Court's supplemental jurisdiction is invoked with respect to the causes of action under state law, as identified herein. All claims for relief set forth in this complaint arise from a common nucleus of operative facts.

## II.  IDENTIFICATION OF PLAINTIFFS

3. Plaintiff Juanita Perez Orench (hereinafter referred to, as "**JPO**") is a citizen of the Commonwealth of Puerto Rico, with residence, intention to live and domicile in Bayamon, Puerto Rico.

4. Plaintiff Carlos Javier Burgos Benitez (hereinafter referred to, as "**JBB**") is a citizen of the Commonwealth of Puerto Rico, with residence, intention to live and domicile in Bayamon, Puerto Rico.

## III. IDENTIFICATION OF DEFENDANTS

5. Co-Defendant, John F. Kelly, as Secretary of the Department of Homeland Security (Transportation Security Administration)

6. Co-Defendant, Department of Homeland Security (hereinafter referred to, as "**DHS**", is a Federal US Executive Department.

7. Co-Defendant Transportation Security Administration (hereinafter referred to, as "**TSA**"), is a Federal agency under the control and supervision of the Department of Homeland Security (DHS).

8. Co-Defendant President of the United States of America, Donald J. Trump as the head of the Presidential Departments and/or Offices of Administrations.

9. Co-Defendant United States Attorney's Office Justice, agency that is authorized by law to receive all summons directed to the United States of America and/or it Departments, and/or it's Offices of Administration.

10. Co-Defendant Department of Justice, Department that under law has the obligation to represents the United States of America and/or it Departments, and/or its Offices of Administration.

11. Co-Defendant Aerostar Airport Holding LLC, is a corporation organized under the laws and with their principal place of business in a state or territory other than the Commonwealth of Puerto Rico.

12. Co-Defendant Puerto Rico Port Authority is a government agency under the laws and with their principal place of business in a state or territory other than the Commonwealth of Puerto Rico.

13. X, Y and Z Insurance Companies are the fictitious names of the insurance's companies whose places of business are in a state or territory other than the Commonwealth of Puerto Rico. They had all relevant times insurance's policy to cover the damages alleged in the Complaint. They are designated with these names because their true identities are not known at the present time.

14. John and Mark Doe are citizens of the United States but residents of a state or territory other than Commonwealth of Puerto Rico. They are designated with these names because their true identities are not known present time.

15. Joe and Clark Doe are corporations organized under the laws and with their principal place of business in a state or territory other than the Commonwealth of Puerto Rico. They are designated with these names because their true identities are not known at the present.

## IV. THE OCURRENCE

16. On October 19, 2015, Mrs. Juanita Pérez Orench submitted a TSA Form 2400: Unsafe or Healthful Working Condition Employee Report and Investigation.

17. From October 22, 2014 to November 11, 2014, Mrs. Juanita Pérez Orench was hospitalized due to a lung condition, generating bronchial pneumonia, bronchitis and other breathing issues. A bronchoscopy had to be performed. Two months later, Mrs. Juanita Perez Orench had to request a sick leave.

18. From May 11, 2015 to May 29, 2015, Mrs. Juanita Pérez Orench was hospitalized at Pavia Hospital, after being working at the office for two months. From this hospitalization, she was released using a walking cane after being diagnosed with Steroids induced Myopathy, a condition that the she developed due to the extended use of steroids to treat the lung condition.

19. On June 15, 2015, the Plaintiff Juanita Perez Orench, was notified by TSA Investigator Gilberto Lausel, that she was under investigation for a TA Fraud allegation submitted in May 2014, by DAFSD Carlos Rivera and stakeholder manager, Cecilia Barela. This allegation was made in retaliation to the plaintiff's first TSA 2400, Notification of Unsafe or Unhealthy Working Conditions.

20. On July 2015, TSA OSHA came to TSA SJU offices to meet with Mrs. Juanita Perez Orench, and took samples where the mold was visible. She requested the results, but they were never provided nor a status on these samples.

21. On October 7, 2015, Mrs. Juanita Perez Orench sent an email to her Supervisor ASFD-MS Merfil Cuesta, inquiring about an update on the TSA Form 2400: Unsafe

or Unhealthful Working Condition Employee Report and Investigation, submitted on March 18, 2014, and didn't received a response nor a case number was assigned.

22. On October 8, 2015, PS O'Donnell sent an email to Aerostar Holding Corporation Manager, Mr. Jaime Pabón Rodriguez, requesting an air quality test in the TSA Administrative Offices. The email was forwarded Lease Management Specialist from GSA, Ms. Vanessa Borges-Arroyo, who handles the lease from TSA and federal agencies.

23. Mrs. Juanita Perez Orench was hospitalized for a third time from October 10, 2015 until October 21, 2015, at Doctor's Center Hospital, in Santurce, Puerto Rico; and was released in a wheelchair. Mrs. Pérez Orench had another bronchoscopy done and received rehabilitation, for the Steroids Myopathy condition generated for the prolonged use of steroids medication for her lung condition. Home care physical therapies to treat Mrs. Pérez Orench were scheduled.

24. On October 13, 2015, Lease Management Specialist from GSA, Ms. Vanessa Borges-Arroyo sent an email to Aerostar Holding Corporation Manager, Mr. Jaime Pabón requesting Aerostar to do an air quality test in the TSA Administrative Offices.

25. On October 19, 2015, Mrs. Juanita Perez Orench submitted a second TSA Form 2400 notifying of the mold and humidity issue at the TSA administrative offices. On October 21, 2015, Mrs. Juanita Perez Orench received an email from Program Specialist Francis O'Donnell, and a case number for her second TSA-2400 compliant was assigned, I-15-5143.

26. On December19, 2015 the plaintiff filed a Reasonable Accommodation Request to the Reasonable Accommodation Office in HQs.

27. For the fourth time, in February 2016, Mrs. Juanita Perez Orench was hospitalized at HealthSouth Rehabilitation Hospital, in Manati, Puerto Rico, with respiratory issues, and received rehabilitation for the Steroids Myopathy condition generated for the prolonged use of steroids medication for the plaintiff's lung condition. After Hospitalization, outpatient physical therapies were scheduled at HealthSouth Outpatient Clinic in Centro Médico.

28. On March 4, 2016, the plaintiff Juanita Pérez Orench, had her reasonable accommodation request approved from the HQ's RA office to work from home until July 2016.

29. From October 31, 2016 until November 25, 2016, Mrs. Juanita Perez Orench was hospitalized for the fifth time. During this hospitalization, the plaintiff had a central line placed, for the medications to be administered directly.

30. On summary, Mrs. Juanita Pérez Orench has been hospitalized 5 times due to a lung condition, generating bronchial pneumonia, bronchitis, ABPA (Allergic Bronco Pulmonary Aspergillosis) and other breathing issues. Since the second hospitalization, Mrs. Pérez Orench was also hospitalized for a condition called Steroids Induced Myopathy due to the prolonged use of steroid medication that left her in a wheelchair.

31. On March 12, 2016, Mrs. Juanita Perez Orench, sent an email to PS Francis O'Donnell asking for an update on the second TSA Form 2400, submitted on October 19, 2015. He responded that OSHA was investigating. Since Mrs. Juanita Perez Orench had not received the Air Quality Results from Aerostar, she traveled to California for a second opinion with a physical therapy doctor on April 19, 2016.

32. On May 23, 2016, Mrs. Juanita Pérez Orench had a meeting with her supervisor, Mr. Merfil Cuesta, where he mentioned that the issue was not going to be resolved by Aerostar, thus was looking for offices outside the airport. On August 5, 2016 until August 8, 2016, Mrs. Juanita Pérez Orench had to visit the office to work on an upcoming audit. After, the office visit, she suffered a setback on her health, and had to start treatment with a Pulmonary Doctor.  On October 13, 2016, since Mrs. Juanita Perez Orench had still not received the Air Quality Results from Aerostar Holding Corporation, she traveled to Orlando, Florida for a second opinion with a pulmonary doctor.

33. On May 25, 2016 Mrs. Pérez Orench submitted a claim to OSHA – Ms. Audrey Pomales. In this meeting, Ms. Pomales informed Mrs. Pérez Orench that she did not know about the complaint and that she never received TSA 2400 submitted.  After this an OSHA investigation was opened and a case number was provided. A final determination was received on November 2, 2016, notifying Mrs. Pérez Orench that the claim was valid and violations were found in her workplace. It was determined that the offices are not suitable for the employees to be working at the office.

34. On May 27, 2016, the plaintiff Juanita Perez Orench, received an email from OSHA FED, Ms. Aubrey Pomales informing her that they will investigate the complaint as a new claim. Ms. Pomales also sent the plaintiff the forms to be completed and assigned a case number. The plaintiff replied that same day with the document completed and signed.

35. On July 29, 2016, the plaintiff Juanita Perez Orench, was notified by USDOL-OSHA PR, that her case was selected by USDOL-OSHA Regional Office and medical documents were requested.

36. On August 1, 2016, the plaintiff Juanita Perez Orench, sent copies of all medical records for the four hospitalizations to Ms. Aubrey Pomales.

37. On August 5, 2016, Mrs. Pérez Orench visited the office; and her immediate supervisor AFSD Mr. Merfil Cuesta, informed her that he could not approve and denied the reasonable accommodation, because of "*what would people say about you, not being at the office and teleworking but being able to travel.*" Mrs. Pérez Orench responded that it was unfair and discriminating because he knew that she had to travel to California for health reasons, and that she is entitled by federal law to have her reasonable accommodation request granted due to health reasons. After, the office visit, the plaintiff suffered a setback on her health, and had to start treatment with a Pulmonary Doctor.

38. On August 23, 2016, the plaintiff Juanita Perez Orench submitted an OWCP CA-2 Occupational Disease Claim to her Supervisor Merfil Cuesta.

39. On October 12, 2016, the plaintiff Juanita Pérez Orench visited the Inspections Office to update her work computer. After an hour at the office, she began coughing.

40. On October 13, 2016, since the plaintiff Juanita Perez Orench had not received the Air Quality Results from Aerostar Holding Corporation, she traveled to Orlando, Florida for a second opinion with a pulmonary doctor.

41. On October 25, 2016, Mrs. Pérez Orench received a call and an email from AFSD – MS Merfil Cuesta; informing Mrs. Pérez Orench that reasonable accommodation

telework agreement was cancelled effective November 21, 2016; with no explanation. Mr. Cuesta informed Mrs. Pérez Orench that she was being relocated to the offices at the Security Coordination Center. In the email, Mr. Cuesta mentioned that an Air Quality Test was done. Mrs. Pérez Orench responded to the email, requesting the results of this test, and other concerns related to the office not being suitable or accessible for someone in a wheelchair. The entry door pad is too high and door too heavy to be opened, food court too far from office, bathroom not accessible friendly, parking space too far from office to be able to move on a normal wheelchair without help. Mrs. Pérez Orench also has concerns with the conditions of the office, humidity, mold, temperature, etc. that could severely affect her health based on conversations with employees that are currently located in the area; and an IM conversation with the SCC Supervisor where she tells Mrs. Pérez Orench that the SCC is "full of humidity because when it rains it pours in our office and the ceiling tiles fall because of all the water, it smells terrible and I have complained and I am waiting for results.

42. On October 31 – November 25, 2016, Mrs. Juanita Pérez Orench was hospitalized in Doctor's Hospital Center in Santurce with lung complications. She was discharged with the need to continue treatment at home for 90 days and possible extension of additional 90 days along with home care therapies. During this time AFSD Cuesta was constantly harassing Mrs. Pérez Orench, by texting and calling, requesting work information even though he had knowledge that Mrs. Pérez Orench was in the hospital.

43. On November 2, 2016, a final determination was reached that Mrs. Juanita Pérez Orench' s claim was valid and violations were found in the workplace that were hazardous and detrimental to her health.

44. On November 17, 2016, Mrs. Juanita Pérez Orench received copy of the Air Quality Test done by Aerostar Holding Corporation.

45. On November 14, 2016, Mrs. Pérez Orench received a text message from Mr. Merfil Cuesta letting her know that he had sent the Performance Evaluation to be signed by her and returned. Mrs. Pérez Orench responded that she was still at the hospital at the time. When Mrs. Pérez Orench did not agree with the Performance Evaluation, and immediately responded with her grievance and opposition.  Mrs. Pérez Orench sent a text providing an update on her health status and requesting a response to the grievance submitted for my performance evaluation received on 11/14/2016. Additional messages were sent on 11/21/2016, 11/29/2016, and 12/2/2016 with no response.  After several follow-up emails, he finally responded in 12/8/2016 denying Mrs. Pérez Orench's grievance and letting her the scores remained the same. There was no discussion involved or justification as of why the low score compared to last year's evaluation of 4.933 of 5.

46. On November 28, 2016, Mrs. Pérez Orench sent email notifying FSD and AFSD-MS of her release from the hospital and requesting that her reasonable request originally approved by RA Office in HQs, to be extended.

47. On December 2, 2016, after the plaintiff Juanita Pérez Orench not receiving a response from Local Management, in regards OWCP CA-2 Occupational Disease

Claim; she sent a request for the extension on the Accommodation to the Reasonable Accommodations Office in HQs.

48. On December 5 2016, the plaintiff Juanita Perez Orench, received an email from AFSD-MS Merfil Cuesta informing her that he was reviewing her telework request and that he was responding by next day.

49. On December 9, 2016, Mrs. Pérez Orench received an email from Merfil Cuesta approving the Telework as originally approved by HQs effective 12/12/2016; until further notice.

50. On December, 13, 2016, the plaintiff, Juanita Perez Orench received an email, from AFSD-MS Merfil Cuesta where he unilaterally established that the plaintiff had to work the core hours of 0900-1730 pm. That same day, the plaintiff replied to Cuesta, that in the original Reasonable Accommodation Request the hours were never scheduled, and like other employees, she was allowed to work different hours in the core hours from 0600-1800 pm from home. Mr. Merfil Cuesta never responded back. TSA Office employees can work in a schedule that between core hours of 0600-1800. Before this last emergency, Mrs. Pérez Orench and other employed worked different hours during the day within the core hours of 6:00 am to 6:00 pm. Mr. Cuesta never complained or had a conversation with Mrs. Pérez Orench about her work hours or performance until now.

51. On December 20, 2016, Mrs. Pérez Orench received an email from Mr. Merfil Cuesta in relation to her absence without notifying him. Mrs. Pérez Orench responded to this allegation with an email on December 31, 2016, where she informed Mr. Cuesta that he was notified their prior emails about her hospitalization; which she did not receive

a response from him. In the email, Mrs. Pérez Orench also requested for him to send any additional changes or new rules or regulations for the department because she was harassed and discriminated with all the new changes, and by being notified after the fact with an email reprimanding her. Mrs. Pérez Orench informed Mr. Cuesta that she was feeling harassed, and persecuted by his constant emails requesting new ways of managing her medical emergency and reasonable accommodation in retaliation of last her OSHA claim.

52. On December 2016, Mrs. Pérez Orench has a teleconference meeting with Mr. Cuesta and Reasonable Accommodations Office. The purpose of the meeting was to resolve the denied reasonable accommodation agreement with Mr. Cuesta. But, the attempt was futile, since Mr. Cuesta, without any further consideration and explanation, arbitrarily denied Mrs. Pérez reasonable accommodation agreement, in violation of the ADA. Mrs. Pérez Orench and any other employee without reasonable accommodation is entitled to worked within the core hours of 6:00 am and 6:00 pm. No other employee has been arbitrarily of that property right, except Mrs. Pérez Orench. Mr. Cuesta's actions that mount to harassment and discrimination are done in retaliation due to Mrs. Pérez Orench's OSHA and EEOC complaint.

53. On March 5, 2017, after filing the corresponding complaints with OSHA and the EEOC, Mrs. Pérez Orench was demoted from Supervisory Program Specialist to supervisory Human Resources Specialist without the due process of law. Mrs. Pérez Orench is an exemplary and outstanding employee with no previous disciplinary action, excellent performance reviews, and the demotion is simply a retaliatory action against her. Due to this retaliatory action, my client's supervisory authority over the

HR Department, has been eroded without the due process of law; currently forcing the Human Resources Department to have weekly meetings with the new Supervisory Program Specialist, who due to his lack of HR experience, must be constantly instructed and assisted by Mrs. Pérez Orench, to be able to get the work done. Before my client filed the corresponding complaints with OSHA and the EEOC, the position of Supervisor Program Specialist did not have supervisory authority over any Department. After my client filed the corresponding complaints with OSHA and the EEOC, the Supervisory Program Specialist position was given supervisory authority over two departments, Scheduling, and HR; proving the decision was retaliatory in nature, in order to further discriminate and harass our client, since Mrs. Pérez Orench has proven to accomplish her job efficiently through the telework program.

54. Furthermore, we have evidence of at least two employees, currently assigned to TSA Headquarters offices, which have been granted a telework program, while Mrs. Pérez Orench, who is chronically ill, is being discriminated, harassed and retaliated against for requesting reasonable accommodation. Also, even though every TSA Office employee can work between the core hours of 0600 -1800, plaintiff Juanita Pérez Orench was the only employee, that AFSD-MS Merfil Cuesta forced to work between the hours 0900-1730, in retaliation of the OSHA and EEOC complaints. Any ongoing and further unjustified modification to her employment should be ceased, since it will be not only considered a retaliatory act, but also a violation to plaintiff's right to property.

55. Mrs. Juanita Pérez Orench's personal injuries, property damages and emotional distress, that left her wheelchair bound for the rest of her life, were caused by

Aerostar's and TSA's grossly negligent actions and wanton disregard for her health and wellbeing. Mrs. Juanita Pérez Orench also has suffered and continues to suffer emotional distress, discrimination and harassment, because of this unfortunate, and negligent, incident, for which Aerostar and TSA are responsible, which left Mrs. Juanita Pérez with a permanent that disability.

56. Carlos Javier Burgos Benitez also has suffered and continues to suffer emotional distress, economic loss, because of this unfortunate, and negligent, incident, for which Aerostar and TSA are responsible, which left Mrs. Juanita Pérez with a permanent that disability, that requires 24/7 constant care, thus, not allowing Mr. Burgos Benitez to be able to work, since he is Mrs. Pérez Orench's only caretaker.

**FIRST CAUSE OF ACTION:**

Plaintiff Juanita Pérez Orench, re-alleges paragraphs 14-54.

The defendant's conduct and/or lack of affirmative action violated federal (Occupational Safety and Health Administration) Act and local laws (General Discrimination Claims under Act. No. 100 of June 30th 1959) and (Article 1802 Civil Code) Mrs. Juanita Pérez Orench's personal injuries, property damages and emotional distress, that left her wheelchair bound for the rest of her life, were caused by Aerostar's and TSA's grossly negligent actions and wanton disregard for her health and wellbeing. Mrs. Juanita Pérez Orench also has suffered and continues to suffer emotional distress, discrimination and harassment, because of this unfortunate, and negligent, incident, for which Aerostar and TSA are responsible, which left Mrs. Juanita Pérez with a permanent that disability.

**SECOND CAUSE OF ACTION:**

Plaintiff Juanita Pérez Orench, re-alleges paragraphs 14-54.

The defendant's conduct and/or lack of affirmative action violated federal (Title VII of the Civil Rights Act of 1964) and local laws (General Discrimination Claims under Act. No. 100 of June 30th 1959) and (Article 1802 Civil Code) by permitting a hostile environment of continued disability harassment against Plaintiff.

Defendant's actions or lack of has caused Plaintiff Juanita Pérez Orench to suffer physical and emotional damages. Mrs. Juanita Pérez Orench also has suffered and continues to suffer emotional distress, discrimination and harassment, because of this unfortunate, and negligent, incident, for which Aerostar and TSA are responsible, which left my client, Mrs. Juanita Pérez with a permanent that disability.

### THIRD CAUSE OF ACTION:

Plaintiff Juanita Pérez Orench re-alleges paragraphs 14-54.

That defendants conduct and/or lack of affirmative action violated Plaintiff's Juanita Pérez Orench Constitutional protection by discriminating, (Title VII of the Civil Rights Act of 1964 and American Disability Act) and local laws (Article 1802 Civil Code), against Plaintiff Juanita Pérez Orench due to the denial of the disability discrimination and denial of reasonable accommodation that she is entitled by law.

Defendant's action or lack of has caused Plaintiff Juanita Perez Orench, to suffer physical y emotional damages.

### FOURTH CAUSE OF ACTION:

Plaintiff Juanita Pérez Orench re-alleges paragraphs 14-54.

That defendants conduct and/or lack of affirmative action, in retaliating against Plaintiff Juanita Pérez Orench for filing a complaint, for requesting accommodation base on her disability, for presenting complaints based on disability discrimination, etc., in violation of

federal and local laws (Title VII of the Civil Rights Act of 1964 and Article 1802 of the Civil Code of the Commonwealth of Puerto Rico).

Defendant's action or lack of has cause Plaintiff Juanita Perez Orench, to suffer physical and emotional damages.

**FIFTH CAUSE OF ACTION:**

Plaintiff Carlos Javier Burgos Benitez re-alleges paragraphs 14-54.

Carlos Javier Burgos Benitez also has suffered and continues to suffer emotional distress, economic loss, because of this unfortunate, and negligent, incident, for which Aerostar and TSA are responsible, which left Mrs. Juanita Pérez with a permanent that disability, that requires 24/7 constant care, thus, not allowing Mr. Burgos Benitez to be able to work, since he is Mrs. Pérez Orench's only caretaker.

**V.     DAMAGES**

To our knowledge, Mrs. Juanita Pérez Orench's personal injuries, property damages and emotional distress, that left her wheelchair bound for the rest of her life, were caused by Aerostar's grossly negligent actions and wanton disregard for her health and wellbeing, which amount to $5,000,000. Mr. Carlos Javier Burgos Benitez also has suffered and continues to suffer emotional distress and economic loss, because of this unfortunate and avoidable incident for which Aerostar Holding Corporation is responsible, which amounts to $500,000.00 Mrs. Juanita Pérez has incurred and is currently incurring in medical expenses connected with the incident.

**WHEREFORE,** it is respectfully requested that judgment be entered against defendants for the amounts previously identified, plus costs, expenses, interests, attorney's fees and any other further relief this Court deems just and appropriate.

**RESPECTFULLY SUBMITTED,** in Bayamon, Puerto Rico, on this 25th day of May 2017.

*s/Julio E. Gil de Lamadrid*
**JULIO E. GIL DE LAMADRID**
USDC-PR 126505

A11 Granada St.
Reparto Alhambra
Bayamon, PR  00957
Tel: 787-786-7805
Fax: 787-798-9116
jgil@gildelamadrid-psc.com